CENTRAL ELECTROTYPE CO., PLAINTIFF-APPELLEE, *v.* MYRON SCHULER CO., INC., DEFENDANT, BERTMAN, THIRD PARTY CLAIMANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26244.   Decided March 7, 1963.

*Messrs. Miller & Miller, Mr. Timothy R. Sweeney,* for plaintiff-appellee.

*Messrs. Direnfeld & Greene, Mr. Bernard B. Direnfeld,* for Third Party Claimant-Appellant.

SKEEL, C. J. This appeal comes to this court on questions of law from a judgment entered in the Municipal Court of Cleveland for the plaintiff against the third party claimant's claim of ownership to certain personal property in the possession of the third party claimant upon which a levy had been made by the Bailiff as the property of the defendant. The Bailiff, unless the property is held to be that of the third party claimant, will conduct a sale thereof on the order of execution, and the proceeds will be paid into court to the satisfaction in the amount realized of plaintiff's judgment.

The plaintiff upon trial held October 7, 1960, was awarded judgment against the defendant, the defendant being then in default of answer or demurrer. The journal entry reads as follows:

"Case called. Plaintiff in court; Defendant not; trial had; Court finds for and renders judgment in favor of the plaintiff in the sum of $...... and costs. O. S. J."

The action was based on a petition setting out two causes of action. The first cause of action prayed for a money judgment of $1358.30 with interest claimed to be due for goods sold to the defendant under a consignment contract. The second cause of action claims that plaintiff delivered to the defendant 2337 fiberglass tubs under a consignment agreement. The plaintiff alleges that it is ignorant as to the income, profit or other sums received by the defendant on the disposal of these tubs and, therefore, prays for an accounting and judgment in the amount found to be due. No claim is made seeking the return of unsold tubs as the property of the plaintiff. A copy of the consignment agreement is attached to the petition as required by the rules of the Cleveland Municipal Court.

The consignment agreement provides that the consignor (plaintiff) will make available to the consignee 6000 fiberglass tubs then located at 9603 Clinton Road, Cleveland, Ohio. It is provided that "Consignor will pick up said tubs within six months," the date of the agreement being November 1, 1958. The price that the consignee was to pay and the circumstances fixing the amount to be accounted for are also spelled out in the agreement. It is provided that in consideration for consignor making the tubs available to the consignee on consignment, the

consignee agrees to "pick up" and sell said tubs and remit as provided by the agreement. It is also provided that "the property in said tubs and the title to same remains in the consignor subject to be divested only according to the terms of this agreement."

The record does not disclose the evidence that was received at the trial of the case on the merits, but it does set out a journal entry dated October 24, 1960, signed by the trial Judge, journalizing the decision of October 7, 1960, which, in part, provides that the allegations of the first cause of action of plaintiff's petition are true, that the defendant did enter into a consignment agreement with plaintiff on November 1, 1958, and that the defendant is indebted thereon to the plaintiff in the sum of $3358.30. It further provides that upon the second cause of action the defendant failed to account for 2,337 fiberglass tubs obtained by virtue of the contract (consignment agreement) and that the defendant is, therefore, indebted to the plaintiff in the sum of $5375.10. A total judgment of $6733.40 is set out in the last paragraph of the journal entry. This clearly discloses that the judgment entered on the first cause of action should have been $1358.30 as claimed in the prayer of the petition. The record, however, is clear that the judgment for the price of goods delivered to the consignee under a consignment contract could not have been rendered unless it be the claim of the consignor that title to the goods had passed to the consignee. The consignment agreement attached to plaintiff's petition indicates that it had been signed by the defendant corporation, Myron Schuler Co., Inc. by Myron Schuler, President and Sarah Albert, Secretary.

The only testimony on the third party claim is that of the claimant who purchased the tubs from Myron Schuler, then said to be in New York to the effect that on the date of purchase the tubs were stored in the second floor of a building at 618 West St. Clair Avenue. It is clearly evident that they had been delivered to this address by Schuler who was liable for the "rent" or storage. The record also shows that before the landlord would release the tubs the rent or storage charge was demanded and was, in fact, paid out of the funds paid by the third party claimant for the tubs through Sarah Albert with whom

448

the third party claimant was directed to deal by Schuler with regard to the purchase. The receipt reads:

"Received from ALL SALES $500.00 for tubs, cartons and miscellaneous from second floor of bldg. at 618 W. St. Clair. Paid in full. Sarah Albert."

The check of "ALL SALES" (the trade name of Bertman) was made payable to Mrs. Sarah Albert, who, as the record discloses, is the mother-in-law of Myron Schuler and designated as Secretary of the consignee as shown by the consignment agreement.

There is no evidence in the record even suggested that the tubs levied upon by the Bailiff, then located at 2120 East 77th Street, the address of "ALL SALES" as shown by the check delivered in payment for the goods, were the property of Myron Schuler Co., Inc., when the levy was made. The claim seems to be that the third party claimant knew that there were other creditors of Schuler at the time he purchased the tubs and that the seller, Schuler, was still indebted to the plaintiff for some part of the purchase price for some of the tubs delivered under the consignment. Such claim is not supported by the record. But even if there were some evidence to support this contention, it would be of no avail to the plaintiff. There is not the slightest suggestion of a conspiracy between the defendant and the third party claimant nor is there any suggestion that the transaction, here admitted, was consummated for the purpose of putting the goods beyond the reach of the plaintiff with a purpose to defraud. There is no support to any claim that the transaction was anything other than one made in the ordinary course of business.

For the foregoing reasons, the judgment appealed by the third party claimant is reversed and final judgment entered sustaining his right to the goods here held under levy by the Bailiff.

Exceptions. Order see journal.

KOVACHY and ARTL, JJ., concur.